# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**CHANDRELLE LAFAYETTE**, Individually, and on behalf of herself and other similarly situated employees,

Plaintiff,

v.                                          No._____

**DHL EXPRESS (USA), INC.**

                **FLSA Collective Action**

Defendant.                              **JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Chandrelle Lafayette ("Plaintiff"), on behalf of herself, individually, and on behalf of herself and others similarly situated as a class, files this Collective Action Complaint, averring as follows:

### I. INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against DHL Express (USA), Inc. ("Defendant") on behalf of Plaintiff Chandrelle Lafayette, individually, and on behalf of herself and other similarly situated hourly-paid warehouse employees as a class, who were employed by Defendant during the three (3) years preceding the filing of this Complaint. Plaintiff and other similarly situated hourly-paid warehouse employees seek damages for unpaid minimum wages and overtime compensation

for the three (3) years preceding the filing of this lawsuit.

2. These unpaid minimum wage and overtime compensation claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

## II. JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant has conducted business in this district and Plaintiff was employed by Defendant in this district during at all times material to this action.

## III. PARTIES

5. Defendant, DHL Express (USA), Inc. is an Ohio Corporation with its principal headquarters located at 1210 South Pine Island Road, Fourth Floor, Plantation, Florida 33324-4402. Defendant may be served via its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

6. Plaintiff Chandrelle Lafayette was employed by Defendant as an hourly-paid warehouse employee at its Lamar Avenue facility in Memphis, Tennessee during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff's Consent to Join this collective action is attached hereto as *Exhibit A*.

## IV. FACTUAL ALLEGATIONS

7. Defendant is the "employer" of Plaintiff and similarly situated hourly-paid warehouse employees during all times material to this collective action.

8. Defendant maintained and administered a centralized time keeping system for the purpose of recording the compensable work time of Plaintiff and other similarly situated hourly-paid warehouse employees.

9. Plaintiff Lafayette and other similarly situated hourly-paid warehouse employees were employed by Defendant during the three (3) year period preceding the filing of this Complaint.

10. Plaintiff and other similarly situated hourly-paid warehouse employees were employed and worked for Defendant in excess of forty (40) hours per week within weekly pay periods during the three (3) year period preceding the filing of this collective action.

11. Defendant has been the "employer" of Plaintiff and other similarly situated hourly-paid warehouse employees within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

12. Plaintiff and other similarly situated hourly-paid warehouse employees have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within the three (3) year period preceding the filing of this Collective Action.

13. At all times material, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA with annual revenues in excess of $500,000.00. Plaintiff and other similarly situated hourly-paid employees also have engaged in commerce and the production of goods for commerce during the applicable statutory period.

14. Defendant's centralized time keeping system provided a means by which Plaintiff and other similarly situated hourly-paid warehouse employees could "clock-in" and "clock-out" for the purpose of recording their compensable time during all times material to this Complaint.

15. Defendant has had a common plan, policy and/or practice of failing to compensate Plaintiff and other similarly situated hourly-paid warehouse employees for work they performed prior to the beginning of their assigned and scheduled shifts.

16. However, Defendant has had a common policy and practice of requiring, inducing, encouraging, expecting and/or, suffering and permitting, Plaintiff and other similarly situated hourly-paid warehouse employees to perform compensable work prior to the beginning of their assigned and scheduled shifts but then not compensating them for this pre-shift "off the clock" work.

17. In addition, Defendant's centralized (malfunctioning) time keeping system has failed to record all of the hours performed by Plaintiff and other similarly situated hourly-paid warehouse employees within their assigned and scheduled shifts.

18. Although Plaintiff and other similarly situated hourly-paid warehouse employees have complained to management about its malfunctioning time keeping system and its failure to record all their regular hours within their assigned and scheduled shifts as well as all of their post-shift overtime hours (for which they have not been paid), Defendant has failed to address all such unpaid minimum wages and overtime compensation resulting from such time keeping malfunctions.

19. Moreover, to the extent such failed recordings and corresponding wages have been addressed, Defendant added some (but not all) of their unpaid compensation into subsequent weeks instead of applying it within weeks it was due.

20. Defendant's common plan, policy and practice of not compensating Plaintiff and other similarly situated hourly-paid warehouse employees for all their compensable work at the applicable FLSA minimum wage and overtime compensation rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

21. The unpaid "off the clock" and "time keeping malfunctioning" wage claims of Plaintiff and other similarly situated hourly-paid warehouse employees occurred with weekly pay periods during all times material to this action.

22. Defendant was aware of such aforementioned unpaid "off the clock" and "time keeping malfunctioning" hours of Plaintiff and similarly situated hourly-paid warehouse employees but failed to compensate them for such work at the applicable FLSA minimum wage and overtime compensation rates of pay.

23. The unpaid "off the clock" and "time keeping malfunctioning" claims of Plaintiff and other similarly situated hourly-paid warehouse employees are unified through common theories of Defendant's FLSA violations.

24. Defendant's failure to compensate Plaintiff and other similarly situated hourly-paid warehouse employees for all hours worked was willful with reckless disregard to clearly established FLSA principals and requirements, and devoid of a good faith basis.

25. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and other similarly situated hourly-paid employees in compliance with the minimum wage and overtime compensation requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost minimum wages and overtime compensation, as well as other damages.

26. The net effect of Defendant's common plan, policy, and/or practice of failing to pay Plaintiff and class members all regular and overtime hours of work within weekly pay periods during all times material to this collective action was to unjustly enrich itself and enjoy ill-gained profits at the expense of Plaintiff and other similarly situated hourly-paid warehouse employees.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this case as a collective action on behalf herself and other similarly situated non-exempt employees pursuant to 29 U.S.C. § 216(b) to recover unpaid minimum wages and overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed to them by Defendant.

28. The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid warehouse workers employed by Defendant who were not fully paid for all "off the clock" hours and all compensable hours not recorded by Defendant's time keeping system, occurring anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action.[1] ("Class Members")

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

29. Plaintiff seeks to pursue her unpaid minimum wage and overtime wage claims against Defendant on behalf of herself, individually, and on behalf of herself and all other similarly situated hourly-paid employees as a class.

30. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a malfunctioning time keeping system that failed to record all compensable work hours of Plaintiff and class members, and for which compensable work hours Plaintiff and class members were not compensated at the applicable FLSA minimum wage and overtime compensation rates of pay.

31. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant had a common policy, plan and/or practice of requiring, inducing, encouraging, expecting and/or, suffering and permitting, Plaintiff and class members to perform work "off the clock" for which they were not compensated at the applicable FLSA minimum wage and overtime compensation rates of pay.

32. This action also is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's time keeping and compensation plans, policies and practices.

33. Plaintiff and class members are similarly situated because the unpaid "off the clock" and "time keeping malfunctioning" claims are unified though common theories of Defendant's FLSA violations.

34. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

35. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid minimum wage and overtime compensation claims against Defendant.

36. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

37. Defendant knew its time keeping system was not recording all the compensable work hours of Plaintiff and class members, yet it failed to fully compensate Plaintiff and class members at the applicable FLSA minimum wage and overtime compensation rates of pay for such unrecorded compensable work hours.

38. Defendant also knew Plaintiff and class members were not compensated for their previously described unpaid "off the clock" compensable work hours at the applicable FLSA minimum wage and overtime compensation rates of pay.

39. Instead, Defendant operated under a common plan, policy and practice to deprive Plaintiff and class members of such FLSA required minimum wage and overtime compensation.

40. Defendant's conduct, as alleged herein, was willful and with reckless disregard to the FLSA protected rights of Plaintiff and class members, which conduct caused significant damage to them.

41. Defendants did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable regular and overtime hours at the applicable FLSA minimum and overtime rates of pay within weekly pay periods during all times material to this action.

42. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid minimum wages and overtime hours of work.

43. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid FLSA wages, liquidated damages, and the other relief requested herein.

44. Plaintiff estimates there are more than 5,000 members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice in all of Defendant's U.S. based warehousing facilities.

45. Plaintiff and class members' unpaid minimum wage and overtime compensation

claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

46. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

47. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

48. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

49. At all times material, Defendant was an "employer" of Plaintiff and each of the class members, as such term is defined by the FLSA.

50. Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA.

51. Plaintiff and other class members have been similarly situated individuals for purposes of FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

52. As a result of Defendant's aforementioned common plan, policy and practice of not paying Plaintiff and class members for their "off the clock" compensable work, Defendant has violated the FLSA and is liable to them at the applicable FLSA minimum wage and overtime rates of pay for all such work performed within

weekly pay periods during all times material to this action.

53. Likewise, as a result of Defendant's malfunctioning time keeping system and its failure to pay Plaintiff and class members for all their unrecorded compensable work time, Defendant has violated the FLSA and is liable to them at the applicable FLSA minimum wage and overtime compensation rates of pay for all such work performed within weekly pay periods during all times material to this action

54. Section 207(a)(1) of the FLSA states an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

55. Through its actions, plans, policies and practices Defendant has violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked within weekly pay periods during all times material at the applicable FLSA minimum wage and overtime compensation rates of pay.

56. Defendant's actions were willful with reckless disregard to clearly established FLSA requirements.

57. Defendant's actions were not in good faith.

58. The unpaid "off the clock" and "time keeping malfunctioning " wage claims of Plaintiff and the class are unified through common theories of Defendant's FLSA violations.

59. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

60. Defendant is liable to Plaintiff and class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members all unpaid minimum wages and overtime compensation against Defendant;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the

FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

k) Provide further relief as the Court deems just and equitable.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: July 17, 2020.                                  Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED*